

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-81,721-01

### EX PARTE ZACKERY TERRELL, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 67366-A IN THE 149TH DISTRICT COURT
### FROM BRAZORIA COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). A jury convicted Applicant of possession of cocaine. The trial court found the indictment's habitual-felon enhancement true and assessed a fifty-year sentence.

Applicant contends that he was denied his right to appeal the conviction and sentence through no fault of his own. *See Ex parte Axel*, 757 S.W.2d 369 (Tex. Crim. App. 1988). The trial court conducted a hearing and appointed habeas counsel. Trial counsel was given notice of the hearing but did not appear. The State also indicates that it attempted to contact trial counsel three times by telephone and left messages but that he never returned the calls. The trial judge notes that the trial

docket sheet indicates that Applicant expressed a desire to appeal after sentencing but that trial counsel never filed a notice of appeal and never withdrew as counsel for Applicant. With the State's agreement, the trial court recommends granting a late appeal. The recommendation is supported by the habeas record forwarded to this Court.

Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment of conviction in Cause No. 67366 from the 149th District Court of Brazoria County. Applicant is ordered returned to that time at which he may give a written notice of appeal so that he may then, with the aid of counsel, obtain a meaningful appeal.

Within ten days of the issuance of this opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed on the date on which the mandate of this Court issues. We hold that, should Applicant desire to prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court within 30 days after the mandate of this Court issues.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice-Correctional Institutions Division and Pardons and Paroles Division.

Delivered: August 20, 2014

Do not publish